NOT DESIGNATED FOR PUBLICATION

No. 112,098

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITIMORTGAGE, INC.,
*Plaintiff*,

v.

DOROTHY M. WHITE, *et al.*,
*Appellant*,

v.

CITIMORTGAGE, INC. RESEARCH SERVICES,
*Third-party Defendant*,

v.

BNC NATIONAL BANK, a/k/a
BNC Mortgage Division,
*Third-party Defendant*,

v.

KANSAS SECURED TITLE & ABSTRACT CO., INC.,
*Appellee.*


MEMORANDUM OPINION

Appeal from Shawnee District Court; JOHN E. SANDERS, judge. Opinion filed January 15, 2016.
Reversed and remanded.


*Donna L. Huffman*, of The Law Office of Donna L. Huffman, of Oskaloosa, for appellant.


*Gregory A. Lee*, of Cooper & Lee, LLC, of Topeka, for appellee.


1

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam*:  Dorothy M. White appeals from the district court's order granting summary judgment to Kansas Secured Title & Abstract Co., Inc. (KST), on her Kansas Consumer Protection Act (KCPA) claim.

## FACTUAL AND PROCEDURAL OVERVIEW

This is the second time the parties have been to the Kansas Court of Appeals. In *CitiMortgage, Inc. v. White*, No. 107,895, 2013 WL 5422317, at *13 (Kan. App. 2013) (unpublished opinion), another panel of this court upheld the district court's grant of summary judgment on all of White's claims against KST except for a KCPA claim. Summary judgment on White's KCPA claim was reversed because the district court erroneously found that the claim was barred by the statute of limitations. 2013 WL 5422317, at *11. On remand, KST filed a second summary judgment motion on the KCPA claim which was granted by the district court. White appeals.

The facts of the case are known to the parties and set forth in some detail in the first appeal so we include only a short summary of the underlying facts. White refinanced her home mortgage, and KST handled the closing. Approximately 2 years after the closing, Citimortgage, Inc., filed a mortgage foreclosure action against White. As part of her defense to the foreclosure, White brought this KCPA claim against KST. White alleges KST misrepresented and overcharged her for a courier fee and document recording fee. The total amount of alleged overcharges is less than $25.

The district court granted summary judgment to KST on three grounds:  (1) White failed to plead a cause of action under the KCPA, (2) White's claim failed under the maxim *de minimis non curat lex*, and (3) White failed to establish any facts showing KST's actions were unconscionable. White also appeals the district court's denial of her

2

motion to amend her petition and a motion for attorney fees. Each of these rulings will be addressed in turn below.

DID THE DISTRICT COURT ERR BY GRANTING KST'S MOTION FOR SUMMARY JUDGMENT?

When the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. The district court must resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the nonmoving party. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, the same rules apply; summary judgment must be denied if reasonable minds could differ as to the conclusions drawn from the evidence. *Waste Connections of Kansas, Inc. v. Ritchie Corp*., 296 Kan. 943, 962, 298 P.3d 250 (2013).

In its written memorandum decision granting summary judgment in favor of KST, the district court found the following facts to be relevant and uncontested:

"a. At some point in time prior to the closing on the refinancing deal, now dismissed BNC had prepared a HUD-1 showing its rough estimates of settlement charges of $75.00 for courier fees and $120 for mortgage registration fees.

"b. At the actual closing, Leslie Davis, a KST employee, presented Ms. White with a final closing statement reflecting, among many other things, a courier fee of $40.00 and a mortgage filing fee of $64.00.

"c. Ms. Davis stated in an affidavit that she believed the above charges were correct.

"d. Ms. White signed the settlement statement indicating that Ms. Davis explained the charges to her and that she (Ms. White) understood what had been explained.

3

"e. KST has a standing policy of charging $20.00 per each courier delivery.

"f. The actual recording fee to Shawnee County turned out to be $60.00 rather than $64.00. Apparently over the course of time and this litigation, the $4.00 overage was never returned to Ms. White. No one appears totally certain why that was so.

"g. KST has a business arrangement with UPS involving delivery charges to KST for using its services to deliver/receive loan documents and various other business items to/from KST. Singling out those particular documents relevant to the White refinancing, UPS charged KST $16.90 for handling two overnight deliveries.

"h. In her pleadings, White asserts that KST violated the Kansas Consumer Protection Act and made the following specific claims: (i) KST presented a settlement state[ment] knowing the courier fees and recording fees were incorrect and misrepresenting that such fees were correct and concealing overcharges; (ii) presenting multiple settlement statements to Ms. White, failing to explain material facts to Ms. White at closing; and (iii) making misleading statements of opinion to Ms. White."

We now analyze each of the issues raised in this appeal.

*Did the district court err when it found White failed to plead a cause of action under the KCPA?*

In its written decision, the district court's sole reason for finding that White failed to properly plead a cause of action under the KCPA was that White failed to allege that KST willfully and knowledgably misled, deceived, or made false statements during its transaction with White. In her brief, White also cites the district court's statement at the summary judgment hearing indicating it was granting summary judgment to KST in part because she failed to plead an "intent to deceive." On appeal, White argues that the KCPA does not require her to plead any intent to deceive. Alternatively, she argues that even if intent to deceive is required, she fulfilled that requirement in her counterclaim.

K.S.A. 50-626(b) contains a nonexclusive list of deceptive acts and practices that are actionable. K.S.A. 50-626(b)(1)(A) prohibits "[r]epresentations made knowingly or with reason to know that . . . [p]roperty or services have sponsorship, approval,

4

accessories, characteristics, ingredients, uses, benefits or quantities that they do not have." In contrast, K.S.A. 50-626(b)(3) prohibits "the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact."

In her pleadings, White does not expressly identify the particular subsection of K.S.A. 50-626 under which she is proceeding, but she alleges that KST engaged in deceptive acts or practices in the following ways:

> "[b]y the willful failure or state material facts and the willful concealment, suppression or omission of material facts when
>
> . . . .
>
> "c. KST presented a settlement statement knowing the courier fees and recording fees were incorrect while misrepresenting these were the correct charges which concealed the overcharge.
>
> "d. KST presented or prepared multiple settlement statements."

The mental state required to prove a violation of K.S.A. 50-626(b)(1) ("knowingly or with reason to know") is a more forgiving standard for consumers than the willfulness requirement under K.S.A. 50-626(b)(2) or (b)(3). *Via Christi Regional Med. Center, Inc. v. Reed*, 298 Kan. 503, 521, 314 P.3d 852 (2013). Under subsections (b)(2) and (b)(3), a consumer must show some designed purpose to do wrong in order to show willful conduct. In other words, a consumer must show intentional conduct on the part of the wrongdoer. 298 Kan. at 522.

In *Via Christi,* the Kansas Supreme Court specifically stated: "Certainly, an overcharge or duplicate charge—in essence, a demand for payment for a service the consumer did not receive—misrepresents the use, benefit, or quantity of that service." 298 Kan. at 521. Thus, an overcharge could be analyzed under K.S.A. 50-626(b)(1)(A) which, as discussed above, only requires a consumer to allege that the defendant acted knowingly or with reason to know. White also uses the language of K.S.A. 50-626(b)(2)

5

and (b)(3), by alleging that KST acted willfully when it presented an inaccurate settlement statement. White plainly alleged in her counterclaim that KST knowingly or willfully overcharged her for courier fees and recording fees.

We find that White adequately pled a cause of action under the KCPA in her claim against KST and the district court erred by concluding otherwise.

*De minimis non curat lex*

The district court found that the legal maxim *de minimis non curat lex* (defined by Black's Law Dictionary 524 [10th ed. 2014] as "[t]he law does not concern itself with trifles") applied. It noted that the lawsuit concerned a loan refinancing and found that KST was a "minor participant" that had nothing to do with the refinancing other than to act as an administrative functionary. The district court held that White's damages were "so minimal that [they] fell outside the limits of legal protection."

White argues that the district court erred by finding that the amount of the alleged overcharge was de minimis and that, as a result, White could not pursue a cause of action under the KCPA.

There are no reported or unreported appellate cases in which a Kansas court has applied the *de minimis non curat lex* maxim to bar a claim under the KCPA. White points out that K.S.A. 50-626(a) states unequivocally that "[n]o supplier shall engage in *any* deceptive act or practice in connection with a consumer transaction." (Emphasis added.) Also, the KCPA provides for a civil penalty of up to $10,000 per violation. K.S.A. 50-636(a). Furthermore, a consumer may recover the greater of his or her actual damages or the civil penalty. K.S.A. 60-634(b). The existence of a statutorily created civil penalty suggests that the legislature expected at least some claims brought under the KCPA to be small in terms of actual damages.

6

Whether a deceptive act or practice has occurred under the KCPA is a question of fact for the jury, not a question of law for the court, and such a claim is susceptible to summary judgment in favor of the defendant only if unsupported by evidence. *Via Christi*, 298 Kan. at 520. White came forward with evidence that established that the KST overcharged White $4 for recording her mortgage and charged her more than the actual cost for courier delivery services. Whether these charges constituted deceptive acts or practices under K.S.A. 50-626 is a genuine question of material fact that remains unresolved. The granting of summary judgment was improper, and we reverse the trial court on this issue.

White's appeal of the district court's denial of her motion to amend is rendered moot by our reversal of the summary judgment on the KCPA claim under K.S.A. 50-626.

*Unconscionability*

In her brief, White does not challenge the district court's finding that KST's actions were not unconscionable under the KCPA.

An issue not briefed on appeal is deemed waived and abandoned. *State v. Jones*, 300 Kan. 630, 639, 333 P.3d 886 (2014). Therefore, White has waived any challenge she had to the district court's decision to grant summary judgment to KST related to White's claim under K.S.A. 50-627.

We note that the determination of unconscionability is a question of law subject to unlimited review. *State ex rel. Stovall v. DVM Enterprises, Inc.*, 275 Kan. 243, Syl. ¶ 1, 62 P.3d 653 (2003). The district judge thoroughly explained his rationale through the *de minimis non curat lax* analysis. We find no error in the court's analysis with regard to unconscionability.

7

DID THE DISTRICT COURT ERR BY DENYING WHITE'S REQUEST FOR ATTORNEY FEES?

White argues that the district court erred when it denied her request for attorney fees incurred in her discovery efforts to obtain an unaltered copy of the UPS invoice showing the amounts paid by KST for the delivery of White's documents. But significantly, White fails to cite any authority that supports her argument. A court may not award attorney fees absent statutory authority or an agreement by the parties. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013).

We recognize K.S.A. 50-634(e) allows a district court to award reasonable attorney fees to the prevailing party in an action under KCPA under certain circumstances. But White has not prevailed in her claim against KST, so that statute does not support her claim for attorney fees. We find no error by the district court.

*White's Motion for Rule 7.07 Fees and Expenses*

Supreme Court Rule 7.07 (2015 Kan. Ct. R Annot. 72) permits an appellate court to award attorney fees for services on appeal in a case in which the district court had authority to award fees. As noted in the previous section, White has not yet prevailed on her underlying KCPA claim and the district court lacks authority to award fees under K.S.A. 50-634(e) until that time. We therefore deny White's request for fees.

Reversed and remanded.